US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

APR 2 4 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

US DISTRICT COURT

WESTERN DISTRICT OF ARKANSAS

FORT SMITH DIVISION

| | | |
|---|---|---|
| Noah Steffy | | Plaintiff |
| vs. | 13-2113 | |
| Sodexo, Inc., Jim Huffman, | | |
| Susan Sherwood, Rebecca Atwood | | Defendants |

## COMPLAINT & DEMAND FOR JURY TRIAL

Comes now, pro se Plaintiff Noah Steffy, and for his complaint against the defendants and demand for a jury trial, states the following in support:

**I.**

During the course of his full time employment by defendants, from 8/2009-4/2012, beginning mid 2010 the plaintiff was repeatedly the object of harassment, ridicule, and discrimination by defendant managers Atwood and Sherwood and Supervisors and, as was admitted to me, "favorites" acting at the direction of defendant managers.

Daily the defendant managers and "favorites" actively created a very hostile work environment against male employees and were/are still engaged to create a system that made life and employment extremely miserable and dangerous for male employees, up to and including firing male employees for trumped up reasons (as evidenced by testimony and the grossly disproportionate number of male employee firings versus female employee firings in any 12 month period). The defendants' stated reasons to the plaintiff and others for the system of harassment, discrimination, and intimidation was the sex of

the plaintiff (male) and the religion of the plaintiff.

## II.

During the course of his employment, though very qualified and without any disciplinary actions against him nor any legitimate reason(s) for the actions, plaintiff was overlooked for promotion and female employee "favorites" less qualified were promoted. Beginning in late 2011 plaintiff asked defendant managers Sherwood and Atwood on several occasions to be considered for numerous vacancies that would've resulted in a pay increase; both defendant managers laughed and their answers consistently inferred the positions were going to be given to less qualified female employees.

## III.

Plaintiff's repeated requests during his employment to defendant managers for Personal Protective Equipment (PPE) were denied, mocked, and plaintiff was advised by defendant managers on more than one occasion to take other male employee's Personal Protective Equipment if he wanted any; plaintiff did not take anyone else's PPE and has suffered near-debilitating pain, during the latter part of his employment and now, as a result. I lose a lot of sleep from the pain.

## IV.

Several times during the course of his employment plaintiff was written up for violating company policy for actions being committed numerous times daily by female employees who often bragged to fellow employees (plaintiff included) about their ability to do so without fear of disciplinary action being taken against them simply because they were female, and for incidents made up entirely from whole cloth. By way of example but not limiting: March 14, 2012 one of the female employee favorites coming on after

my shift ended to work in the station I was leaving for the day complained to defendant Sherwood via cell phone about the work station being unclean. I had been checked out by the shift Supervisor per company policy but was written up for "failing to perform cleaning duties assigned by management" despite written and photographic evidence of the female employee favorite actually leaving the station we both shared in filthy disarray on numerous occasions without any write ups or coachings from defendant managers when the defendant managers were supposed to check out the station at the end of the favorite's shift.   At the end of my shift on April 5, 2011 plaintiff was checked out by the Supervisor per policy and cleared to go home; the next day plaintiff received a write up for "failure to perform closing duties and be checked out by a supervisor". During these incidents female favorite's work stations were in far worse shape than plaintiff's yet none received a write up.   On November 21, 2011, even after informing defendant Atwood of a family emergency existing at home, plaintiff was written up for violating company cell phone policy when I answered a call from my wife about our dog escaping, biting a jogger, and police at our home; every female employee favorite had been seen using their cell phone throughout the day, sometimes with defendant Sherwood and/or Atwood standing right next to them.   Plaintiff's wages and pay rate increases were negatively affected by these write ups, coachings, and Peer Review performance entries. Every request to both defendant Sherwood and Atwood for a schedule change made by plaintiff whenever there was a family crisis or emergency was sneeringly responded to with a denial "due to business needs", yet whenever a female employee favorite wanted time off for a concert or non family/emergency event the request was granted by Sherwood and Atwood, and plaintiff and other male employees were threatened with

termination if plaintiff or the other male employees did not change their life schedule to fill in for the resulting vacancy.

## V.

When plaintiff informed upper level Sodexo district manager Jim Huffman of the harassment, discrimination, and goings on, plaintiff experienced increased intensive scrutiny, active hostile encounters, punitive job assignments and dates, open verbal ridicule in front of University of Arkansas Fort Smith staff, students, and employees, by defendant managers and "favorites" (rewarded for their almost-daily actions against me with prime job assignments, work dates/schedules, and a serious relaxing of company disciplinary policies for the "favorites").

## VI.

Defendant Huffman did not return my calls and within a few weeks of blowing the whistle to defendant Huffman plaintiff was terminated for an allegation made up entirely from whole cloth by Supervisor Lowder who informed me that it was a direct result of instructions he received from defendant Sherwood. The resulting unemployment and decision by Sodexo to contest unemployment benefits placed plaintiff and his dependant family in serious financial jeopardy and dire straits and all that goes with that situation.

## VII.

This Court has jurisdiction. Plaintiff is within the 90 day Right To Sue time frame as outlined by the Equal Employment Opportunity Commission (plaintiff did file a complaint with them). Plaintiff will prove these allegations at a jury trial with witnesses and testimony from current and former employees and Supervisors of Sodexo, University

staff and students, and records from Sodexo.

## VIII.

Plaintiff requests Compensatory Damages in the amount $100,000.00 and Punitive Damages in the amount of $250,000.00, and any relief this Court deems necessary for the ends of justice to be met.

Respectfully Submitted,

*[signature]* (4-23-13)

Noah Steffy, plaintiff

P.O. Box 4462

Midland Station

Fort Smith, AR 72904

(479) 494-0033

*List of Defendants addresses*

IV. Parties

(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of plaintiff: Noah Steffy

Address: P.O. Box ~~4466~~ [NS] 4462 (Midland Station) Fort Smith, AR 72904

(In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.)

B. Defendant: Sodexo, Inc

Position: Headquarter is in MD

Place of Employment: ~~52~~ Sodexo (Dining Services)

Address: 5210 Grand, Fort Smith, AR 72903 (?)

Defendant: Jim Huffman

Position: Regional

Place of Employment: Sodexo

Address: (?) 5210 Grand Ave, Ft. Smith, AR 72903

Defendant: Susan Sherwood

Position: General Manager

Place of Employment: Sodexo

Address: 5210 Grand Ave., Ft. Smith, AR 72903

Defendant: Rebecca Atwood

Position: Manager / Sodexo / 5210 Grand Ave. Ft. Smith, AR 72903

-6-