UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

NOAH STEFFY                                                                                       PLAINTIFF

v.                                              No. 2:13-CV-02113-JLH

SODEXO, INC.; JIM HUFFMAN;
SUSAN SHERWOOD; and
REBECCA ATWELL                                                                              DEFENDANTS

## ANSWER ON BEHALF OF SODEXO, INC.

Defendant, Sodexo, Inc. ("Sodexo") answers the separately numbered paragraphs of the complaint as follows:[1]

1. Sodexo denies each and every allegation of the complaint not specifically admitted herein.

2. Sodexo admits that plaintiff Noah Steffy ("Steffy") was employed by Sodexo Operations, LLC from August 2009 until April 2010. The remaining allegations in paragraph I of the complaint are denied.

3. Sodexo denies the allegations in paragraph II of the complaint.

4. Sodexo denies the allegations in paragraph III of the complaint.

5. Sodexo admits that Steffy received verbal and written warnings during the course of his employment. The remaining allegations in paragraph IV of the complaint are denied.

6. Sodexo denies the allegations in paragraph V of the complaint.

7. Sodexo denies the allegations in paragraph VI of the complaint.

---

[1] On July 24, 2013 U.S. Magistrate Judge Setser issued a report and recommendation (Doc. No. 8), which among other things, found that Steffy's claims enumerated in the complaint were under Title VII and should be dismissed as to individual defendants Jim Huffman, Susan Sherwood and Rebecca Atwood.

1

8.	Sodexo admits that this Court has jurisdiction over the parties, has jurisdiction as to some or all of Steffy's claims, and that venue is proper. Sodexo further admits that Steffy filed a charge of discrimination with the Equal Employment Opportunity Commission prior to initiating this action. The remaining allegations in paragraph VII of the complaint are denied.

9.	Sodexo denies that Steffy is entitled to the relief requested in paragraph VIII.

## Avoidance or Affirmative Defenses

10.	Without admitting any of the allegations contained in the complaint, which has been previously denied, and without waiving any of the foregoing, Sodexo states the following matters as constituting grounds for dismissal, avoidance, or an affirmative defense to the complaint:

### FIRST DEFENSE

(a)	Steffy's complaint, in whole or in part, fails to state claims upon which relief can be granted.

### SECOND DEFENSE

(b)	Some or all of Steffy's claims are barred by the applicable periods or statutes of limitations and/or laches.

### THIRD DEFENSE

(c)	Some or all of Steffy's claims are barred by the equitable doctrines of estoppel, waiver, unclean hands and/or after-acquired evidence.

### FOURTH DEFENSE

(d)	Steffy's claims for damages, in whole or in part, are barred by his failure to mitigate damages, if any.

## FIFTH DEFENSE

(e)     To the extent Steffy complains of acts or omissions occurring more than the requisite number of days prior to the proper and timely filing of administrative charge(s) or outside or beyond the scope of such charge(s), or to the extent Steffy has failed to timely and properly exhaust all administrative remedies as to some or all of the allegations in the complaint, such claim(s) should be dismissed.

## SIXTH DEFENSE

(f)     Steffy's claims are barred, in whole or in part, because at all times relevant, all actions or omissions taken with regard to Steffy were made in good faith and were taken for legal, legitimate, non-discriminatory reasons and/or based upon reasonable grounds for believing said actions were not in violation of any law, statute or regulation.

## SEVENTH DEFENSE

(g)     At all times Sodexo exercised reasonable care in all matters relating to Steffy, and Steffy unreasonably failed to comply with Sodexo's process and procedures relating thereto.

## EIGHTH DEFENSE

(h)     Any claims for punitive damages are barred, in whole or in part, on the ground that punitive damages violate the substantive and procedural safeguards guaranteed to defendant by the due process clauses of the Constitution of the United States of America, to the extent that the imposition of such damages is not rationally related to, or is grossly excessive in relation to, legitimate state interests.

4825-6276-3797.3

## NINTH DEFENSE

(i) Any claims for punitive and other damages are barred, in whole or in part, because any alleged behavior was contrary to Sodexo's good faith efforts to comply with all applicable laws.

## TENTH DEFENSE

(j) Steffy is not entitled to damages, injunctive relief or any other relief.

## ELEVENTH DEFENSE

(k) Some or all of Steffy's complaint fails to comply with the required pleading standards set forth in the Federal Rules of Civil Procedure and as required by the United States Supreme Court, and accordingly, Sodexo has denied same. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

## TWELFTH DEFENSE

(l) Without admitting same, Steffy's claims are barred, in whole or in part, because at all times relevant, Steffy's employer exercised reasonable care to prevent and correct promptly any and all discriminating, harassing or retaliatory behavior and has instituted adequate policies and procedures for employees to raise allegations of discrimination, harassment and retaliation and Steffy failed, in the exercise of reasonable care on his part, to avail himself of and follow those preventive or corrective policies and procedures or to otherwise avoid alleged harm. *Faragher v. Boca Raton,* 524 U.S. 775 (1998); *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998).

## THIRTEENTH DEFENSE

(m) Steffy's complaint is frivolous, without foundation, vexatious, or brought in bad faith and therefore Sodexo is entitled to recover its attorney's fees and costs.

4825-6276-3797.3

## FOURTEENTH DEFENSE

(n) To the extent any employee, manager, supervisor, director or officer of Sodexo engaged in any unlawful conduct as alleged in the complaint, such actions were outside the scope and course of their employment and were not in furtherance of Sodexo's business. During the relevant time period, Sodexo maintained a policy prohibiting unlawful discrimination with regard to the terms and conditions of an employee's employment. To the extent that any unlawful conduct occurred, which Sodexo denies, Sodexo cannot be held liable for such acts because they were outside the scope of employment.

## FIFTEENTH DEFENSE

(o) Any damages that Steffy suffered were the direct and proximate result of his own actions or inactions. To the extent that the acts or omissions of Steffy may have caused his damages, Sodexo is not liable for the results of such acts or omissions.

## SIXTEENTH DEFENSE

(p) Any damages that the Steffy suffered resulted from the acts or omissions of others for whom Sodexo is not liable. To the extent that others may have caused Steffy's damages, Sodexo is not liable for the results of such acts or omissions. By raising this defense, Sodexo reserve the right to conduct discovery on this issue and to pursue such defense if the facts so warrant.

11. Sodexo specifically reserves the right to amend, supplement or plead further herein, including, but not limited to the right to assert additional defenses, affirmative or otherwise, during or upon completion of discovery.

WHEREFORE, Sodexo requests that the Court dismiss this action with prejudice; award Sodexo its costs and attorney's fees incurred herein; and grant such further relief to defendant as it deems proper.

                              Respectfully submitted,

                              James M. Gary, AR Bar No. 80051
                              KUTAK ROCK LLP
                              One Union National Plaza
                              124 West Capitol Ave., 20th Floor
                              Little Rock, Arkansas  72201
                              Direct:  501.975.3140
                              Main Dial:  501.975.3000
                              Fax:  501.975.3001
                              Jim.Gary@KutakRock.com

                              M. Scott Jackson, AR Bar No. 2008195
                              KUTAK ROCK, LLP
                              234 East Millsap Road, Suite 200
                              Fayetteville, AR  72703-4099
                              Direct:  479.695.1967
                              Main Dial:  479.973.4200
                              Fax:  479.973.0007
                              Scott.Jackson@KutakRock.com


                              By: /s/ Scott Jackson
                              Attorneys for Defendant,
                                 Sodexo, Inc.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of August, 2013, the undersigned electronically filed the foregoing with the Clerk of Court through the CM/ECF system and served the following individuals with a copy of this pleading by depositing same in the United States Mail, postage prepaid:

Noah Steffy  
P.O. Box 4462  
Midland Station  
Fort Smith, Arkansas 72904

             /s/ Scott Jackson  
             M. Scott Jackson

4825-6276-3797.3